UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LINDSEY SHEPARD

PAUL JONES

Plaintiff                                              Civil Action No.

      V.

DOUGLAS K. HOWARTH

ANTHONY SCANZANI

CITY LINE AUTO SALES

Defendants

## COMPLAINT

### Parties

1. The Plaintiff Lindsey Shepard is a resident of Braintree, County of Norfolk, Massachusetts and a citizen of the United States.

2. The Plaintiff Paul Jones is a resident of Stoughton, County of Norfolk, Massachusetts and a citizen of the United States.

3. Defendant Douglas K. Howarth (HEREAFTER DOUG) is a natural person doing business in New Hampshire as City Line Auto Sales at 562 Fitchburg Road, Greenville New Hampshire.

4. Defendant Anthony Scanzani (HEREAFTER ANTHONY) is a natural person doing business in New Hampshire as City Line Auto Sales at 562 Fitchburg Road, Greenville New Hampshire.

5. Defendant City Line Auto Sales (HEREAFTER CITYLINE) is a company located at 562 Fitchburg Road, Greenville New Hampshire and advertises in Massachusetts to sell used automobiles.

## Jurisdiction

6. This court has jurisdiction over this matter because plaintiffs and defendants are in two different states.

7. This court has jurisdiction over this matter because plaintiff advertised in Massachusetts and Plaintiff called the Defendant City Line Auto Sales from Massachusetts and a deal was put together while defendant was in New Hampshire and the Plaintiff was in Massachusetts.

## Facts

8. All conditions precedent to the bringing of this action has been performed.

9. Defendant Doug stated to the plaintiffs upon meeting her that he was the owner of City Line Auto sales.

10. Defendant Anthony stated to the plaintiffs that he was co owner of City Line Auto Sales.

11. Defendant Doug and Anthony are in the business of selling used motor vehicles to members of the public.

12. Defendant City Line Auto Sales is a company that sells used automobiles to members of the public.

13. Defendant City line Auto Sales is a business that sells automobiles in New Hampshire and advertises in Massachusetts.

14. Plaintiff purchased an Auto Hunter Magazine in Stoughton Massachusetts in January of 2008 and seen the 2006 car advertised by City Line Auto Sales.

15. On or about January 25, 2008 plaintiff Lindsey Shepard and Paul Jones called defendant Doug at City Lines Auto Sales and stated that she wanted to purchase a car and that her boyfriend, Plaintiff Paul Jones, had purchased a 2003 Lincoln from Doug in the past and was satisfied.

16. Defendant Doug told plaintiff that the car she was inquiring about was a 2006 blue 350 CLK 2 door Mercedes and that it had been in a fresh water flood and was in good shape and only needed 2 computers and all the fluids in the engine changed and the car would run perfectly and it was still available for sale.

17. The defendant Doug stated to the plaintiffs on the telephone (Speaker phone) that he would let the plaintiff purchase the vehicle for the sum of $14,420.00, if the plaintiff came the following day. Plaintiffs agreed and made an appointment to go look at the vehicle.

18. Defendant Doug & City Line Auto Sales had sold plaintiff Paul Jones a 2003 Lincoln Mark in the past and when plaintiff inquired about the car defendant Doug told him exactly what was wrong with the car and plaintiff got it fixed and owned the car for over 5 years.

19. Defendant Doug told the plaintiffs that he could not start the car until all the fluids and the computers were changed and the plaintiffs believed defendant Doug.

20. Defendant Doug stated that the job to fix the 2006 Mercedes was easy and that he could have a shop down the road fix it once the plaintiff paid in full for the vehicle.

21. Defendant Doug stated that the shop down the street where the Mercedes was to be towed has been working with defendants, Doug and City Line Auto Sales, for years and was very

trust worthy. Plaintiff took defendants word and believed what defendant told her regarding the 2006 Mercedes.

22. Defendant Doug mislead the plaintiffs about the condition of the vehicle and the work the 2006 Mercedes really needed to run and that, in fact, the engine was ceased (needed an Engine).

23. Defendant Doug told plaintiffs to come up to New Hampshire and take a look at the 2006 Mercedes Defendant Doug stated that "your boyfriend Paul Jones knows where City line Auto Sales is located."

24. Defendant Doug set up an appointment to meet with the plaintiffs to show them the 2006 Mercedes on or about January 25, 2008.

25. Plaintiffs drove to New Hampshire and upon arrival walked into the office and met defendant Anthony.

26. Plaintiff asked for Doug and stated that she was here to look at a 2006 Mercedes CLK, and that defendant Doug had made an appointment with her for 2pm to look at the vehicle, Defendant Anthony stated that Doug would be right out to speak with plaintiff.

27. Defendant Doug came out of office to the waiting room where the plaintiff and her boy friend were seated waiting for the defendant Doug.

28. Defendant Doug came out greeted plaintiffs and said to them that the 2006 Mercedes Calk was in a fresh water flood and the computers where damaged by the water and that the computers were located under the seats of the vehicle and that "all this car needed was 2 computers, which he had, and would sell with the car. He stated that once all the fluids were changed and after a good vacuum the car would be back to normal. Plaintiff and boyfriend believed defendant Doug's statements regarding the condition of the car.

29. Defendant Doug told defendant Anthony to show us the car which was located in the lot of City Line Auto sales, defendant Anthony did so.

30. Defendant Anthony showed the 2006 Mercedes CLK to plaintiff and her boyfriend and stated the same as defendant Doug stated that the car was in a fresh water flood and that it could not be started until the computers and all the fluids was changed and that defendant Doug had the computers that was needed and would sell them with the car.

31. Plaintiff asked if she could get a written warranty stating that the car only needed 2 computers and all the fluids changed that was in the engine. Defendant Anthony stated that he would give it to the plaintiffs once the car was paid in full.

32. Defendant Anthony and plaintiffs returned to office and plaintiff Paul Jones asked defendant Anthony if he could put a deposit on the car now and come back in a few days to finish paying for the vehicle. Defendant Anthony consulted with defendant Doug and the defendants agreed.

33. Plaintiffs, Paul Jones and Lindsey Shepard, agreed to purchase the vehicle from defendants Doug, Anthony and City Line.

34. Plaintiffs informed the defendants Doug & Anthony that the car would be in the name of Lindsey Shepard and that the plaintiffs would put a deposit of $6500 by credit cards and finish paying in a few days. The defendants agreed.

35. At the time the plaintiff gave the deposit defendant Anthony stated to the plaintiffs that Lindsey would have to sign all paper work in order for them to hold the vehicle and upon final payment the plaintiff and defendant would sit down in office in fill in all the blanks on the contracts. So the plaintiff, Lindsey Shepard, signed all paper work under Lindsey Shepard.

36. The plaintiff called in the final payments over the phone with several credit cards to the defendants Doug and Anthony (we were on a speaker phone and final payments were received by defendants Doug, Anthony and City Line Auto Sales).

37. At that time the defendant Anthony informed us that he would have the car towed to Eric's Auto shop and that we could come in and finish filling out paper work we agreed.

38. The defendants had the car towed to Eric's auto shop a few miles from City Line Auto Sales.

39. The owner of Eric's auto shop called the plaintiffs the same day and informed us that the vehicle that we had purchased from the defendant had a hole in the engine block and that the defendants were aware of it and that the car needed a complete engine that would cost $11,000.

40. Plaintiff Paul Jones called Defendants Doug and Anthony and defendant Anthony told plaintiff that if that is the case he would need to speak with defendant Doug and he would get back to us.

41. Defendants never returned plaintiffs call that day the next day plaintiff called defendant Anthony and asked to speak with defendant Doug and was always told Doug was unavailable.

42. Plaintiff informed Anthony that they were suppose to come and finish paper work and demanded a time to come and do so at that time defendant Anthony informed the plaintiff Paul Jones that he had already finished all the paper work and the paper work was with the car. Plaintiff stated that he and plaintiff Lindsey Shepard was on their way

to City Line Auto Sales to speak with defendant Anthony & Doug and to see the paper work for the 2006 Mercedes that was never finished by the plaintiff.

43. When plaintiffs arrived at City Line Auto Sales defendant Anthony stated that they have no more business with the plaintiffs and that Doug was not going to meet with us at all and to get off the property and that the finished paper work was in the car at Eric's shop.

44. At that time plaintiffs left City Line Auto Sales and went to Eric's shop where they were told by Eric that the defendants have several open cases of doing this same thing to different customers in court, over 40 cases in the last few years.

45. Plaintiff went in car and received the paper work for the purchase of the 2006 Mercedes Benz and realized that City Lines Auto Sales, Doug or Anthony had added another owner of the car to the paper work Absoloot Enterprises which was plaintiff Paul Jones Company, plaintiff paid some of the initial deposit with a credit card with that name on it.

46. Defendants also forged Lindsey Shepard and Absoloots name to all the documents beside were plaintiff Lindsey Shepard had signed her name.

47. The plaintiff called their credit card companies and was informed in order to have a dispute we would have to return the car to the dealership and so we did at once within 72 hours of the delivery to Eric's auto shop the car was back at City Line Auto Sales 562 Fitchburg Road, Greenville New Hampshire.

48. The Plaintiff called a tow truck and loaded the car up and followed the tow truck driver to 562 Fitchburg Road, Greenville New Hampshire City Line Auto Sale and gave the car back to Doug he came out and received the car at that time I informed him that we had informed

the credit card companies of what happened and we were told to bring the car back and the credit card company was going to reverse the charges.

49. The Defendant Doug and Anthony took the car and ask for all paper work and we the plaintiff gave them the title and all the paper work to the car.

50. The next day the plaintiffs got a call from the credit card companies and was informed that half the money was returned and expect the other half to be returned in the next few days.

51. The Defendants wrote a letter to the credit card companies and stated that the plaintiff has committed fraud and the credit card companies reversed all moneys so now the defendants has the money and the car.

52. The plaintiff was contacted by the credit card company and was told that they had given the money back.

53. The plaintiff called the defendants but the defendants refused to accept the plaintiffs call.

54. The plaintiff hired an attorney John Moscardelli he wrote a letter to the defendants ask them to speak with him they refused.

55. The plaintiff sent a Massachusetts 93A Demand Letter to the defendants City Line Auto Sales , Doug and Anthony they responded with a answer from an attorney stating that the plaintiff returned the car illegally and is being charged a daily rate for the return of the car.

56. The plaintiff has been trying to contact the Defendant since they received the letter from the attorney but the defendants refuse to give an amount owed so the plaintiff can either receive there car or their money.

57. The plaintiff has sent several letters to the defendant but the defendants refuse to except and letters from the plaintiffs.

58. The plaintiff Paul Jones got through to defendant Anthony a few months after the demand letter was answered and plaintiff Paul Jones informed defendant Anthony that he wanted to work this out and defendant Anthony stated that the plaintiffs would have to take them to court and that it's a waste of time to even write and letter or to call the business because the defendants will not ever speak a word to the defendant and that we should take it as a loss.

59. Defendant Anthony also stated that the car was resold and the defendants are keeping all proceeds for there trouble.

## COUNT 1

### MGL 93 UNFAIR & DECEPTIVE TRADE PRACTICES ACT

60. The plaintiffs are consumers within the meaning of MGL 93a.

61. The defendants are business within the meaning of mgl 93a

62. Defendants DOUG, ANTHONY & CITY LINE AUTO SALES violated MDCRA 940 CMR 7.00, which is an automatic violation of the Massachusetts Unfair Trade Practices Act MGL 93a.

63. Defendants DOUG, ANTHONY & CITY LINE AUTO SALES refused to allow plaintiff to pay any amount to receive car back after defendants stated that what it would take to receive car back.

64. Defendant DOUG, ANTHONY & CITY LINE AUTO SALES refused to even take plaintiff call so that the property could be returned.

65. Defendant DOUG, ANTHONY & CITY LINE AUTO SALES resold plaintiff car without informing them.

66. Plaintiffs demands treble damages from the defendants for violations of the mgl 93a act..

67. Plaintiffs demands triple damages from the defendants DOUG, ANTHONY & CITY LINE AUTO SALES for violations of the MGL 93a.

**WHEREFORE**, Plaintiff prays that this honorable Court award plaintiffs damages from defendants DOUG, ANTHONY & CITY LINE AUTO SALES for the claims set forth herein including litigation fees and costs, sleep and emotional stress, Compensatory, Actual and punitive damages, damages to plaintiffs credit reports and any other and further relief which is just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 10th day of February, 2014.

FEBRUARY 10, 2014

Respectfully Submitted

Paul Jones

572 Park Street

Stoughton, Ma 02072

6179395417