UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LINDSEY SHEPARD

PAUL JONES

Plaintiff

Civil Action No. 1:14-cv-10301-RGS

V.

DOUGLAS K. HOWARTH

ANTHONY SCANZANI

CITY LINE AUTO SALES

FREDRICK J.HANNA

Defendants

**PLAINTIFF MEMORANDUM OF LAW IN OPPOSITION**

**TO DEFENDANTS FREDRICK J .HANNAS MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

Plaintiff hereby requests the Court under Federal Rule of Civil Procedure 15(a)(2) to allow the Plaintiff to amend their First Amended complaint.

This is a case about a third party debt collector calling the Plaintiff PJ & LS when they did not have express permission and they were clearly not calling for an emergency, using an Automatic Dialing System.

Plaintiffs PJ & LS sent the defendant FJH several Cease & Desist letter by certified return receipt signed for by their employees (See 2nd Amended Complaint Exhibits 2) but defendants refused to obey the law and to stop calling plaintiffs PJ & LS cell, home, business, wireless and relatives homes and to communicate only through the United States Postal Service (hereafter USPS).

Plaintiff's PJ & LS have amended their complaint to cure all deficiencies and also added over 12 Exhibits such as date and times of calls, Cease & Desist Letters, Certified Return Receipt signed by defendants FJH employees, Demand for validations letters, Notice of Pending Lawsuits.

Plaintiffs also added Defendants FJH Automatic Dialing System (ATDS) registration from the Texas Utilities Commission (See 2nd Amended complaint Exhibit 12), MGL 93a Demand letters signed certified returned receipts, proof of mailing, proof of overages (Invoices) from plaintiff telephone carrier.

Plaintiffs added his telephone contract since 2010 showing he has only 5000 minutes per month(See 2nd Amended complaint Exhibit 9), Plaintiff proof that his telephone numbers have been on the do not registration call list since 2008(See 2nd Amended complaint Exhibit 10).

Defendant FJH would like the court to believe that plaintiff PJ & LS has never even tried to mitigate the damages, plaintiffs PJ & LS have been dealing with the defendant FJH since 2010 and the defendant failed to obey several Cease & Desist letters, verbal warnings that plaintiffs PJ is charged for every call so the plaintiffs had no choice but to sue the defendant FJH.

The plaintiff has documented this whole ordeal of violations from the defendant FJH and has rewritten the complaint to reflect just that and have added defendants FJH own internal bates records (See 2nd Amended complaint Exhibit 7) that reflect their own knowledge of all illegal calls to the plaintiff PJ & LS.

Fredrick J. Hanna believe they were above the law or that the plaintiffs PJ & LS would never sue them for their violations of Federal & State laws so they just ignored all of plaintiff demands not to call them because there is no or has never been any established business relationship or express permission.

Plaintiffs PJ & LS are prose's and are still learning the civil rules of procedure, plaintiff asks the court for leave to amend so that justice can be dispensed.

Plaintiff have attached all evidence and cured all deficiencies so that the Federal Courts & defendants have a clear picture.

## FACTS

1. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only' give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" Epos Tech., 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting Bell Atlantic v. Twombly, 550 U.S.544, 555 (2007)).

2. Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' FJH Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligible , not where a complaint suffers for 'lack of detail.'" Epos Tech., 636 F. Supp. 2d at 63 (citations omitted).

3. The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See Swierkiewicz, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion to dismiss because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

4. Here, the plaintiffs PJ & LS Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendants FJH and how those actions are wrongful.

5. It describes in more than necessary detail the facts that the Defendants FJH called plaintiffs PJ & LS it used equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or a predictive dialer; with the capacity to dial such numbers. (On August 16, 2011, the *Northern District of Illinois* held

that the Telephone Consumer Protection Act (TCPA) prohibits the use of predictive dialing software on equipment that dials telephone numbers without human intervention. The court also rejected the argument that the TCPA does not apply to debt collection.) *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) – Reaffirming the Ninth Circuit's earlier decision in *Satterfield v. Simon & Schuster*, 569 F.3d 946, 951 (9th Cir. 2009) that "the clear language of the TCPA '*mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator.*'

6. Defendant FJH states plaintiffs Fail to Allege an Actionable Chapter 93A Claim against FJH (Count I) MGL 93a, plaintiff has cured this deficiency by stating that Defendant FJH violated the MGL 93a when they fail to Cease all calls on December 24, 2012, defendants received plaintiffs PJ & LS Cease & Desist notice at their office at 1427 Roswell Road, Marietta, G.A the *Certified Return receipt is signed by their employee K. Jackson (*See 2nd Amended complaint Exhibit 2).

7. Defendant FJH Plaintiffs Fail to Properly Plead that FJH used an ATDS to Call Them (Counts V and VI) Plaintiff has cured all deficiencies to his first amended complaint by adding specific verbiage of how defendant FJH violated the Telephone Consumer Practices Act. TCPA, dates and times and specifically states that they used an Automatic Dialing System that has he capacity to dial, store telephone numbers without human intervention and that a predictive dialer was used and when plaintiff answered telephone there was not anyone there after 3-5 second came on a live person or a computerized voice came on.

8. Plaintiff complaint also describes that the plaintiffs PJ & LS has performed all conditions precedence ,and states Defendants FJH violated the Telephone Consumer Protection Act

(TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5), Massachusetts Unfair & Deceptive Trade Practices Act (MGL 93a) and the Massachusetts Debt Collection Regulations Act 940 CMR 7.00. and has called the Plaintiff's cell phones 914-573-6002, 401-219-6912, 617-756-9682, 617-799-8615, 617-304-5185, 781-318-7076 *without prior permission or for emergency purposes* At no time did Plaintiff provide prior express permission for anyone to call their telephone numbers.

9. The Complaint clearly puts Defendants on fair notice of the charges against them.

10. Specifically, the Complaint charges that Defendants FJH had no prior or present established relationship, Plaintiffs have never given Defendant Fredrick express permission to call Plaintiff's cellular phone or wireless numbers, Plaintiffs have no contractual obligation to pay Defendant FJH, Plaintiff Lindsey Shepard sent Fredrick j Hanna a MGL 93a demand letter, and a notice of intent to sue and defendants never answered it.

11. The complaint also states Plaintiff PJ & LS received calls from the defendant Fredrick trying to collect a nonexistent debt and asking for someone other than the plaintiff on the dates below

12. Plaintiff has added the verbiage below to the 2nd amended complaint # 151.

13. In **COUNT V (# 223 1st Amended Complaint) Plaintiff state defendant FJH** has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service contrary 47 U.S.C. **§227(b)(1)(A)(iii)** which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—
(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

14. The defendant has registered their automatic Dialing System with the Texas Utilities Commission the registration was submitted on 03/13/2007 and each year after (**See Exhibit 12 of 2nd Amended Complaint**) defendant FJH have reregistered their Automatic Dialing System (hereafter ATDS) each and every year as it states in exhibit 1 from 2007-2014 defendant FJH knows it will not be relevant in the debt collection industry unless they use an automatic dialing systems, predictive dialer systems & skip tracing devices.

15. Defendant FJH would like the court to believe that they do not own or has ever used an Automatic Dialing System and that they manually dial all their outbound calls plaintiff states that defendant FJH would not be able to stay relevant if an ATDS was not used.

16. The defendant FJH boldly ignored plaintiff PJ & LS Verbal demands and letters for months for them to remove all of plaintiff's telephone numbers from defendants FJH call log & not to call only to communicate through United State Postal Service.

17. Defendant FJH promised on several occasion to remove all plaintiffs numbers and not to call back to plaintiffs LS job because the plaintiff PJ & LS has sent several Cease & Desist Letters to the defendant by certified mail and it was received by their employees.

18. Defendant FJH believed that no consumer would learn about the TCPA and hold them accountable no matter how many times they violate the TCPA law even after receiving certified Cease & Desist demands from both plaintiff PJ & LS.

19. Plaintiffs PJ & LS informed defendant not to call any of their telephone numbers because plaintiff PJ only had 5000 minutes per month and he pays overages for non business calls and have done so for several month because of defendants FJH calls without express permission

and not calling for an emergency. **Nelson v. Santander Consumer, USA, Inc., No. 11-CV-307-BBC, 2013 WL 1141009 (W.D. Wis, Mar. 8, 2013) A person who receives a call has a private right of action under the TCPA, even if the person is not the telephone account holder or subscriber.**

**The private right of action under the TCPA is not limited to the subscriber or person named on the bill. Instead, any person who answers or receives the call has a private right of action.**

20. The Plaintiff PJ (See Invoices Exhibit 8) was charged for the called and stated it in the complaint as we have seen, the TCPA ostensibly provides a private right of action for actual and statutory damages. But, the statute itself contemplates that an essential element of the claim is that the "called party is charged." (See, e.g., **TCPA, 47 U.S.C. § 227(b)(1)(A)(iii); 2008 TCPA Order, ¶ 3 at p. 4.**)

## Conclusion

In short, the Plaintiffs PJ & LS Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants FJH fair notice of the charges against them and the grounds there for.

Discovery and argument will add further detail later; in fact, much additional supporting factual material was provided by Plaintiff PJ & LS in their Second Amended Complaint filed with this memorandum of law.

Additionally, the plaintiffs PJ &LS have sufficiently alleged harm. Accordingly, for the reasons set forth herein, the Plaintiffs respectfully requests that the Court deny Defendants' FJH Motion

to Dismiss the Complaint with Prejudice.

WHEREFORE, Plaintiffs PJ & LS requests that the Court deny Defendant Fredrick J. Hanna Motion to Dismiss Plaintiff's Complaint and allow Plaintiff to amend the First Amended Complaint.

June 9, 2014

Respectfully Submitted

Paul Jones
572 Park Street
Stoughton, Ma 02072
Pj22765@gmail.com
888-655-3002

Lindsey Shepard
Lindseyshepard2@gmail.com
15 Beechwood Rd.
Braintree, Ma 02184
617-756-9638

Andrew M. Schneiderman

Hinshaw & Culbertson LLP

28 State Street, 24th Floor

Boston, Ma 02109

Tel: 617-213-7000

Email: aschneiderman@hinshawlaw.com